COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


LENWOOD LAMONT KIRBY, III
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1788-01-3      JUDGE RUDOLPH BUMGARDNER, III
                                        OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      Joseph W. Milam, Jr., Judge

              Dwight G. Rudd (Office of the Public
              Defender, on brief), for appellant.

              Margaret W. Reed, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     The trial court convicted Lenwood Lamont Kirby of assault

and battery on a family or household member, third offense.[1]  On

appeal, the defendant contends the trial court erred in

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Code § 18.2-57.2 provides:

              A.  Any person who commits an assault and
              battery against a family or household member
              shall be guilty of a Class 1 misdemeanor.
              B.  On a third or subsequent conviction for
              assault and battery against a family or
              household member . . . such person shall be
              guilty of a Class 6 felony.

convicting him of a felony (Code § 18.2-57.2(B)), rather than a misdemeanor (Code § 18.2-57.2(A)).  Finding no error, we affirm.

The defendant was indicted for a felony, and the Commonwealth met its burden of proving each element of that felony.  The defendant concedes it did so:  he unlawfully assaulted his girlfriend, and he had two prior convictions of that offense.  However, the defendant contends the trial court was required to consider convicting of a lesser offense because the latest assault was "not the type of felony touching that should be" a felony.

The defendant would require that a trial court consider convicting of an offense other than the one proven.  This argument is most often raised at jury trials and is known as "jury nullification."  A jury has the "'"physical power to disregard the law"'" but does not "'"have the moral right to decide the law according to their own notions or pleasure."'" Sims v. Commonwealth, 134 Va. 736, 763, 115 S.E. 382, 391 (1922) (quoting Brown v. Commonwealth, 86 Va. 466, 472, 10 S.E. 745, 747 (1890) (quoting United States v. Battiste, 2 Sumn. 240, 24 F. Cas. 1042, 1043 (C.C.D. Mass. 1835) (No. 14545))). Accordingly, a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power. United States v. Moylan, 417 F.2d 1002, 1006 (4th Cir. 1969).  A jury has this power to refuse to apply the law to the proven

-

facts because criminal trials are decided by general verdict and the Commonwealth cannot appeal such decisions.

When a court sits without a jury, it has the power to convict of something less than that which the Commonwealth proved, but a defendant has no right to have it do so.  Just as "it is the duty of juries . . . to take the law from the court and apply that law to the facts as they find them to be," Sparf & Hansen v. United States, 156 U.S. 51, 102 (1894); Sims, 134 Va. at 763, 115 S.E. at 391, so it is the duty of the judge.  We will not mandate that a trial court disregard the law and substitute its notion of law for that defined by the General Assembly.

The Commonwealth proved the defendant committed the felony charged.  The trial court was required to give judgment to that effect, and it did not err in doing so.  Accordingly, we affirm.

Affirmed.

-